```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                   SOUTHERN DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

   - v -                       Crim. No. 08-CR-20192

                                HON. NANCY G. EDMUNDS

D-1 DENNIS RODERICK PAIGE, JR.,

        Defendant.

_____/

**DEFENDANT DENNIS RODERICK PAIGE, JR.'S**
**SENTENCING MEMORANDUM**

Defendant, Dennis Roderick Paige, Jr., by and through his attorney, Suzanna Kostovski, respectfully submits this Sentencing Memorandum regarding the issues relevant to the upcoming sentencing of the Defendant:

**I.   INTRODUCTION AND BACKGROUND**

On April 27 2009, Mr. Paige pled guilty to one count of transportation for prostitution, two counts of transportation of a minor for criminal sexual activity, one count of sex trafficking of children and one count of distribution of child pornography. The government alleged that Mr. Paige participated in this alleged prostitution ring in the recruitment and posting of advertisements for then-minor, H.Y. The minor victims in this case were 17 years of age (one minor just one month before turning 18). Co-Defendant Sarah Dutton and Hortense Canty were the primary individuals that set up the web sites and recruited females for the alleged

prostitution ring. Ms. Dutton was sentenced by this Court to probation. Ms. Canty was sentenced to a term of 24 months.

The Rule 11 Plea Agreement, at p 6, ¶ 2B provides that, "there are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 262-327 months custody, as set forth on the attached worksheets. However, the probation department has calculated the guidelines at a higher range of 292-365 months. This higher calculation is based on inclusion of prior offenses by Mr. Paige which should not have been scored. Mr. Paige, through counsel submitted objections to the pre-sentence investigation report ("PSI") on August 4, 2009. If this Court agrees with Defendant's objections, then his guideline range would be 262-327 months, as per the Rule 11 Plea Agreement.

Furthermore, as reflected in the government's sentencing memorandum, Mr. Paige has debriefed and provided truthful testimony regarding his role in the offense as well as additional cooperation. The government is recommending a 50% reduction from the minimum guideline range.[1]

---

[1] The recommendation is 180-240 months. This is based on the PSI's calculation of the minimum range as between 292-365 months. As noted above, Mr. Paige's correct range is 262-327 months. Based on the government's recommendation of a 50% reduction, this court should consider a sentence of 130 months. Defendant is subject to the mandatory 10-year minimum sentence for counts 3, 5 and 6.

## II. DISCRETIONARY SENTENCING AND THE SENTENCING GUIDELINES AS APPLIED TO DENNIS PAIGE, JR.

### A. GUIDELINES APPLICATION AND CASE LAW

Defendant's sentence is now controlled by the decision in *Gall v. United States*, 128 S.Ct. 586. In *Gall*, first holding that all sentences are now to be reviewed under an abuse of discretion standard, *Gall* went on to state that a district judge is first required to correctly calculate the applicable Guideline Range, then after giving both parties an opportunity to argue for an appropriate sentence, the judge must consider all of the 18 U.S.C. § 3553(a) factors to determine if they support a requested sentence. The Supreme Court clearly held that a sentencing court may no longer presume that the Guideline Range is reasonable. A sentence outside the Guidelines, must take into consideration the extent of any deviation and the supporting facts must be "sufficiently compelling to support the degree of variance." *Id.*, at 11-12.

The *Gall* Court also held that an appellate court may, but is not required to, apply a presumption of reasonableness to sentences within the guideline range. However, the Court continued by holding that a reviewing court may not apply a presumption of unreasonableness to sentences outside the guideline range. Finally, and perhaps most importantly (and in particular as it relates to this case), the *Gall* Court stressed the need to avoid

3

unwarranted disparities in sentences for co-defendant, while recognizing the need to avoid unwarranted similarities among co-defendants who are not similarly situated. *Id.* at 17.

    **B.**    **18 U.S.C. § 3553(a)**

Section 3553(a) requires a court to fashion a sentence which is "sufficient, but not greater than necessary" to achieve the goals of sentencing. One of those goals is to provide a defendant with rehabilitation. 18 U.S.C. § 3553(a)(2)(d). In accordance with 18 U.S.C. § 3553(a)(1), a court is required to consider "the history and circumstances of the defendant" and 18 U.S.C. § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence."

**III. APPLICATION OF SECTION 3553 FACTORS**

Based on the foregoing, Mr. Paige requests this Honorable Court to take into consideration the 3553(a) factors in fashioning an appropriate sentence. First and foremost, this Court should consider the fact that this is Mr. Paige's first and only involvement of any kind with this type of offense. Mr. Paige's prior criminal history involves contact with the criminal justice system more than 10 years prior to this offense. Those were

offenses involving theft and dishonesty.[2]

These instant offenses are serious. However, Mr. Paige was not acting alone in this "business." His co-defendants were active participants who essentially managed the operation on behalf of Mr. Paige. Hours of recorded telephone conversations reveal that it was either Ms. Dutton or Ms. Canty that made arrangements for acts of prostitution and not Mr. Paige.[3]

This Court has received numerous letters of support on behalf of Mr. Paige. This was a mistake by Mr. Paige. His admission of involvement in the instant offenses and his acceptance of responsibility, as well as the support of family and friends, clearly shows that Mr. Paige is a good candidate for rehabilitation.

Based on the foregoing, Mr. Paige requests this Honorable Court to follow the Rule 11 Plea Agreement, and sentence him to the very bottom of the guidelines, or a sentence of 130 months for the reasons set forth above.

Finally, Mr. Paige requests this Court to recommend to the Bureau of Prisons that he be placed at FCI Milan so that he could be closer to family members.

---

[2] This argument is not an attempt to minimize Mr. Paige's criminal history. It is presented to illustrate to the Court of Mr. Paige's criminal history background.

[3] Again, this information is being provided for further factual background. It should not be construed as an attempt by Mr. Paige as not accepting responsibility for his actions.

Respectfully submitted,


S/Suzanna Kostovski
SUZANNA KOSTOVSKI (P 39535)
Attorney For Defendant
220 Bagley, Suite 1015
Detroit, MI 48226
313-965-6050
skostovski1512@msn.com

Dated:    August 16, 2009


I hereby certify that on August 16, 2009, I electronically filed the foregoing pleading with the clerk of the court using the ECF system, which will send notification of such filing to the following: Honorable Nancy Edmunds, U.S. District Court Judge, John N. O'Brien, II, and Eaton P. Brown, Assistant U.S. Attorneys, and all other attorneys of record.


S/Suzanna Kostovski
SUZANNA KOSTOVSKI (P39535)
Attorney For Defendant Paige